IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | |
|---|---|
| DENEKO CHILDS, On behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )  2:17-cv-13735<br>)<br>) |
| v. | )<br>)  JURY TRIAL DEMANDED |
| MANAGEMENT REGISTRY, INCORPORATED d/b/a MALONE STAFFING SOLUTIONS, | )<br>)<br>)<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, DENEKO CHILDS, by and through his attorneys, SMITHMARCO, P.C., suing on behalf of himself and all other similarly situated, and for his complaint against the Defendant, MANAGEMENT REGISTRY, INCORPORATED d/b/a MALONE STAFFING SOLUTIONS, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.  DENEKO CHILDS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Detroit, County of Wayne, State of Michigan.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. MANAGEMENT REGISTRY, INCORPORATED d/b/a MALONE STAFFING SOLUTIONS, (hereinafter, "Defendant") has its principal place of business located in the State of Kentucky. Defendant is incorporated in the State of Michigan.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV.  ALLEGATIONS

8. Defendant is a recruitment agency, providing recruitment services for its clients by seeking candidates for temporary and full time employment.

9. In or around March 2017, Plaintiff was employed by Defendant and placed with Yanfeng Automotive.

10. After approximately 90 days of placement with Yanfeng Automotive, Defendant informed Plaintiff that Yanfeng intended to proceed with hiring Plaintiff on a full time basis.

11. As part of its employment application process, Defendant requires full time employees such as Plaintiff to submit to a background check wherein information pertaining to character, general reputation, personal characteristics and/or mode of living are reviewed and used to determine, together with other factors, whether to hire an applicant.

12. In or around June 2017, Defendant advised Plaintiff it would be performing a background check on Plaintiff.

13. In or around June 2017, in conducting a background check of Plaintiff, Defendant obtained a consumer report regarding Plaintiff from a presently unknown consumer reporting agency, as that term is defined by 15 U.S.C. §1681a(d).

14. Said consumer report was to be used by Defendant to assist in determining Plaintiff's fitness for the full time position, and to assist in determining whether to continue to hire Plaintiff for a position of employment.

15. After receiving and reviewing the consumer report obtained regarding Plaintiff, Defendant intended to deny Plaintiff the employment opportunity based in whole or in part on the aforesaid consumer report.

16. On or about June 28, 2017, Defendant made a determination not to hire Plaintiff.

17. At no time after making the determination not to hire Plaintiff did Defendant provide any oral, written, or electronic notice to Plaintiff of the name, address and telephone number of the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

18. At no time after making the determination not to hire Plaintiff did Defendant provide Plaintiff oral, written, or electronic notice of the Plaintiff's right to obtain a free copy of the report on Plaintiff from the consumer reporting agency that furnished the consumer report to Defendant that was used in whole or in part to deny Plaintiff employment.

19. Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide Plaintiff a copy of the consumer report to Plaintiff.

20. Prior to taking any action on Plaintiff's employment application to deny Plaintiff the employment opportunity, Defendant failed to provide to Plaintiff a description in writing of the rights of Plaintiff under the FCRA.

21. Defendant's conduct as delineated above was willful and a reckless disregard for the law and the rights of the Plaintiff.

22. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and an injury to his reputation, and Defendant's failure to provide Plaintiff the requisite disclosures and an opportunity to spare his good name and obtain meaningful employment.  Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23. In conducting a background check and obtaining a consumer report on Plaintiff for purposes of employment, Defendant violated the FCRA in one or more of the following ways:

   a. Failed to provide the Plaintiff with a copy of the report procured for employment purposes prior to taking any adverse action against the Plaintiff in violation of 15 U.S.C. §1681b(b)(3)(A)(i);

   b. Failed to provide the Plaintiff, prior to taking any adverse action against the Plaintiff, with a description in writing of the rights of Plaintiff under the Fair Credit Reporting Act  in violation of 15 U.S.C. §1681b(b)(3)(A)(ii);

   c. Otherwise negligently and willfully violated the Fair Credit Reporting Act.

## V.   CLASS ALLEGATIONS

24. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25. The aforementioned class of individuals is defined as all persons to whom, during the two (2) year period prior to the filing of this Complaint, Defendant obtained a consumer report regarding an applicant and took adverse action against that applicant based in whole or in part upon said consumer report.

26. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has used consumer reports in order to screen hundreds, possibly thousands, of potential employees.

27. There are questions of law and fact common the Class that predominate over any questions affecting only individual Class members. The principal question at issue is whether Defendant violated the FCRA by failing to provide proper pre-adverse action notice, to Class members during the applicable time period as alleged.

28. Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

29. There are no individual questions of fact, other than whether a Class member did not receive pre-adverse action notice, which can be determined by a ministerial inspection of Defendant's records.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experience in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

31. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

32.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The identities of individual Class members may be easily obtained from Defendant's records.

## VI.     JURY DEMAND

33.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DENEKO CHILDS, by and through his attorneys, respectfully prays for order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory and punitive damages for violation of 15 U.S.C. § 1681b(b)(3)(A), pursuant to 15 U.S.C. § 1681n; that judgment be entered for Plaintiff and the class against Defendant for actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

                                        Respectfully submitted,
                                        **DENEKO CHILDS**

                                    By:     s/ David M. Marco
                                        Attorney for Plaintiff

Dated: November 16, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:      (312) 546-6539
Facsimile:      (888) 418-1277
E-Mail:         dmarco@smithmarco.com