UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>ENEKO</small> C<small>HILDS</small>, on behalf of himself
and all others similarly situated,

    Plaintiff,      Case No. 17-cv-13735

    v.      U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
          J<small>UDGE</small>
M<small>ANAGEMENT</small> R<small>EGISTRY</small>, I<small>NC</small>. d/b/a  G<small>ERSHWIN</small> A. D<small>RAIN</small>
M<small>ALONE</small> S<small>TAFFING</small> S<small>OLUTIONS</small>,

    Defendant.

_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [# 9]**

### **I. I**<small>NTRODUCTION</small>

  Presently before the Court is Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Amend Complaint. Dkts. No. 9, 11. Defendant moves to dismiss the complaint because Plaintiff named the wrong defendant. Plaintiff moves for leave to amend his complaint in order to name the correct defendant. For the reasons discussed below, the Court will grant Defendant's Motion and dismiss Plaintiff's action without prejudice.

## II. FACTUAL BACKGROUND

Defendant, Management Registry, Inc., is a recruitment agency. Dkt. No. 1, pg. 2 (Pg. ID 2). Defendant hired Plaintiff, Deneko Childs, in March 2017, and placed him with Yanfeng US Automotive Interior Systems I, LLC ("Yanfeng"). *Id.* After ninety days with Yanfeng, Defendant informed Plaintiff that Yanfeng intended to hire Plaintiff full-time. *Id.* Yanfeng then conducted its own hiring process with Plaintiff. This process included a background check and obtaining a consumer report on Plaintiff. On June 28, 2017, Yanfeng decided not to hire Plaintiff. *Id.* at pg. 3 (Pg. ID 3).

Plaintiff filed a complaint against Defendant on November 16, 2017. Dkt. No. 1. Plaintiff's complaint alleged that Defendant violated the Fair Credit Reporting Act ("FCRA"). Plaintiff asserted that Defendant conducted a background check and obtained a credit report on him. *Id.* at pg. 2 (Pg. ID 2). Plaintiff alleged that Defendant failed to provide Plaintiff with a copy of the consumer report in violation of the FCRA. *Id.* at pg. 3 (Pg. ID 3). Defendant also allegedly failed to provide Plaintiff a written description of his rights under the FCRA. *Id.* On January 23, 2018, Defendant filed the present Motion to Dismiss for failure to state a claim upon which relief can be granted. Dkt. No. 9. Defendant asserted that Yanfeng is the proper Defendant in this action. *See id.* at pg. 2 (Pg. ID 22). On January 26, 2018, Plaintiff filed the present Motion for Leave to Amend

Complaint. Dkt. No. 11. Plaintiff requests this Court dismiss the present action against Defendant and grant him leave to add Yanfeng as a Defendant. *Id.* pg. 1–2 (Pg. ID 31–32).

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

### IV. DISCUSSION

The FCRA holds that an employer must provide a consumer a copy of his consumer report before taking adverse action on the consumer based on the report. 15 U.S.C. § 1681b(b)(3)(A)(i). The FCRA also states that an employer must

provide the consumer with a written description of the rights of the consumer under the Act. *Id.* at § 1681b(b)(3)(A)(ii).

In this case, Defendant was not the entity that conducted a background check on Plaintiff or obtained a consumer report on Plaintiff. Yanfeng was Defendant's employer; therefore, Yanfeng was the entity that obtained Plaintiff's consumer report. Plaintiff concedes that Defendant is the wrong Defendant in its Motion for Leave to Amend Complaint. Dkt. No. 11, pg. 1 (Pg. ID 31). Therefore, this Court will grant Defendant's Motion to dismiss without prejudice so Plaintiff can re-file his complaint against Yanfeng. Plaintiff's Motion for Leave to Amend Complaint is denied.

## V. Conclusion

For the reasons discussed herein, the Court will deny Plaintiff's Motion for Leave to Amend Complaint and grant Defendant's Motion to Dismiss without prejudice.

SO ORDERED.

Dated: April 30, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge